IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 09-cr-00374-PAB-22

UNITED STATES OF AMERICA,

    Plaintiff,

v.

22. VICTOR VALDEZ,

    Defendant.
_____

**MEMORANDUM REGARDING DEFENDANT'S MOTION TO REDUCE SENTENCE**
_____

    This matter comes before the Court on the Unopposed 18 U.S.C. § 3582(c)(2) Motion to Reduce Sentence and Joint Position Statement Regarding Eligibility and Relief [Docket No. 1384], which is jointly filed by counsel for defendant and by the United States. The motion is made pursuant to 18 U.S.C. § 3582(c)(2), which allows a court to reduce the term of imprisonment for a defendant whose sentencing range has subsequently been lowered by the United States Sentencing Commission. On June 30, 2011, the Commission voted to give retroactive effect to its proposed permanent amendment to the sentencing guidelines that implements the Fair Sentencing Act of 2010. The effect of these amendments is to lower the sentencing range for defendants convicted of crack cocaine offenses.

    The Court makes the following findings and conclusions:

    1. On March 31, 2006, the defendant pled guilty to Count One of the second superseding indictment, charging him with of Conspiracy to Possess with Intent to

Distribute Five Kilograms or More of Cocaine and 50 Grams or More of a Mixture or Substance Containing a Detectable Amount of Cocaine Base. The Court found that the defendant's criminal history category was III and his total offense level was 38, resulting in a guideline sentencing range was 292 to 365 months. The Court found that Criminal History Category III over represented the seriousness of his criminal history and therefore departed to Criminal History Category II. Pursuant to the government's motion under Guideline § 5K1.1 and 18 U.S.C. § 3553(e), the Court departed downward and imposed a sentence of 202 months imprisonment. Judgment entered on July 26, 2006.

2. On May 1, 2008, pursuant to the Commission's earlier amendment to the guidelines, the Commission lowered the base offense level for crack cocaine offenses. The defendant filed a motion for reduction of his sentence based upon this amendment. *See* Docket No. 1081. After a resentencing hearing on June 27, 2008, the Court denied the defendant's motion, which denial was upheld on appeal. *See* Docket No. 1294.

3. The Probation Department has prepared an Addendum to the presentence investigation report dated December 6, 2011, wherein the Probation Department determines that, based on five kilograms of cocaine base, the defendant's base offense level is reduced from 38 to 36 and his total offense level is reduced to 36. Docket No. 1386. With a criminal history category of III, the defendant's amended guideline sentencing range is 235 to 293 months imprisonment. *Id*. When a 25% § 5K1.1 reduction is applied to the bottom of this guideline range, the term of imprisonment is

176 months. The parties' joint motion contains the same calculation. Docket No. 1384 at 4.

4. Neither the defendant nor the United States has asked for a resentencing hearing.

5. Section 3582(c) of Title 18 states that

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Both the government and the defendant agree that the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

6. Consistent with 18 U.S.C. § 3582(c)(2), the Court is to consider the factors set forth in 18 U.S.C. § 3553(a) in determining: (a) whether a reduction in the defendant's term of imprisonment is warranted; and (b) the extent of such a reduction, but only within the limits described in subsection § 1B1.10(b). In addition, the Court is to consider (1) public safety (the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment) and (2) post-sentencing conduct (the conduct of the defendant that occurred after imposition of the original term of imprisonment).

7. In a pro se motion [Docket No. 1389] filed after the unopposed motion to reduce sentence was filed, the defendant argues that the Court should reduce his criminal history category from III to II, as was done at his original sentencing hearing.

3

However, under § 1B1.10(b)(2)(B), as amended effective November 1, 2011, the Court cannot reduce the term of imprisonment to a term comparably less than the amended guideline range since § 1B1.10(b)(2)(B) is now limited to below guideline sentences that occurred as a result of a government motion pursuant to § 5K1.1. A departure for over-representation of criminal history would constitute an impermissible reduction below the minimum of the amended range. Thus, the Court will not reduce the defendant's sentence to make it consistent with criminal history category to II.

8. After considering the factors set forth in 18 U.S.C. § 3553(a), the factors set forth in Paragraph 6 above, and the December 7, 2011 addendum to the presentence investigation report, the Court determines that a sentence of 176 months is appropriate in this case. A separate order will issue.

Wherefore, it is

ORDERED that defendant's pro se motion [Docket No. 1364] is denied as moot.

DATED January 12, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge