IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 05-cr-00374-PAB-5

UNITED STATES OF AMERICA,

    Plaintiff,

v.

5.  VANESSA VALDEZ,

    Defendant.
_____

**MEMORANDUM REGARDING DEFENDANT'S MOTION TO REDUCE SENTENCE**
_____

    Defendant Vanessa Valdez has filed an 18 U.S.C. § 3582(c)(2) Motion to Reduce Sentence and Joint Position Statement Regarding Eligibility and Relief [Docket No. 1379]. The United States does not oppose the motion. The motion is made pursuant to 18 U.S.C. § 3582(c)(2), which allows a court to reduce the term of imprisonment for a defendant whose sentencing range has subsequently been lowered by the United States Sentencing Commission ("Commission"). On June 30, 2011, the Commission voted to give retroactive effect to its proposed permanent amendment to the sentencing guidelines that implements the Fair Sentencing Act of 2010. The effect of this amendment is to lower the sentencing range for defendants convicted of crack cocaine offenses.

    The Court makes the following findings and conclusions:

    1. At the original sentencing hearing in this case on June 9, 2006, the Court found that the base offense level based on the Drug Quantity Table was 38, the total

offense level was 35, and the defendant's criminal history category was II, resulting in a guideline sentencing range of 188 months to 235 months imprisonment. The Court imposed a sentence of 188 months imprisonment as to both Counts Five and Seventeen, to be run concurrently.

2. On May 1, 2008, pursuant to the Commission's earlier amendment to the guidelines, the Commission lowered the base offense level for crack cocaine offenses. On May 30, 2008, the Court resentenced the defendant after determining that the defendant's amended total offense level was 33, which resulted in a guideline imprisonment range of 151 to 188 months. The Court sentenced the defendant to 151 months imprisonment.

3. The Probation Department has prepared an Addendum to the presentence investigation report dated December 22, 2011, wherein the Probation Department determines that, based on 1.5 kilograms of cocaine base, the defendant's base offense level is reduced to 34 and her total offense level is reduced to 31. Docket No. 1391. With a criminal history category of II, the defendant's amended guideline sentencing range is 121 to 151 months imprisonment. *Id*. The defendant's motion contains the same calculation. Docket No. 1379 at 3.

4. Neither the defendant nor the United States has asked for a resentencing hearing.

5. Section 3582(c) of Title 18 states that

> in the case of a defendant who has been sentenced to a term of
> imprisonment based on a sentencing range that has subsequently been
> lowered by the Sentencing Commission . . . the court may reduce the term
> of imprisonment, after considering the factors set forth in section 3553(a)

> to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Both the government and the defendant agree that the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

6. Consistent with 18 U.S.C. § 3582(c)(2), the Court is to consider the factors set forth in 18 U.S.C. § 3553(a) in determining: (a) whether a reduction in the defendant's term of imprisonment is warranted; and (b) the extent of such a reduction, but only within the limits described in subsection § 1B1.10(b). In addition, the Court is to consider (1) public safety (the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment) and (2) post-sentencing conduct (the conduct of the defendant that occurred after imposition of the original term of imprisonment).

7. Ms. Valdez requests that the Court sentence her to 121 months imprisonment. The United States does not object to such sentence.

8. After considering the factors set forth in 18 U.S.C. § 3553(a), the factors set forth in Paragraph 6 above, and the December 22, 2011 addendum to the presentence investigation report, the Court determines that it is appropriate to sentence the defendant to 121 months imprisonment. A separate order will be entered granting the defendant's motion. It is

ORDERED that defendant Vanessa Valdez's pro se Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), and Amendment 750, Effective November 1, 2011 [Docket No. 1368] is denied as moot.

DATED January 31, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge